UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID ZAITZEFF,

Plaintiff,

v.

CITY OF SEATTLE, et al.,

Defendants.

Case No. 2:16-CV-00244-BAT

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF STANDING, STRIKING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

## INTRODUCTION AND BACKGROUND

Plaintiff David Zaitzeff challenges the constitutionally of Section 9.41.250 of the Revised Code of Washington (RCW) and 12A.14.080 and .083 of the Seattle Municipal Code (SMC). Plaintiff contends the laws are overbroad and infringe on his Constitutionally-protected right to keep and bear arms.  He asks that the Court "strike down" these provisions and overturn *City of Seattle v. Evans*, 184 Wash. 2d 856, 859, 366 P.3d 906, 907 (2015).  Defendant City of Seattle moves to dismiss the action for lack of standing, Dkt. 33; defendant Dan Satterberg and intervenor State of Washington (collectively, "defendants") concur in the motion, Dkts. 31, 32. Having considered the parties' submissions and the balance of the record, and for the reasons

discussed below, the Court **GRANTS** defendants' Motions to Dismiss for Lack of Standing, Dkts. 31-33, and **DISMISSES** this case **WITHOUT PREJUDICE**.  The Court therefore **STRIKES** as moot Mr. Zaitzeff's Motion for Summary Judgment.  *See* Dkt. 26.  Mr. Zaitzeff's Motion to Slightly Amend and Clarify the Complaint, Dkt. 29, is **DENIED**.

### PROCEDURAL HISTORY

Mr. Zaitzeff commenced this action against the City of Seattle in King County Superior Court on January 20, 2016.  *See* Complaint, Exhibit 1 to Dkt. 3.  He amended his complaint in state court on February 8, 2016, adding as a defendant King County Prosecutor Dan Satterberg.  *See* Amended Complaint, Dkt. 3, Ex. 7; *see also* Dkt. 12.[1]  Defendant City of Seattle timely removed the action to this Court on February 18, 2016, on the basis of federal question jurisdiction (28 U.S.C. § 1441(a)).  Dkt. 1.  The matter was initially assigned to the Honorable Ricardo S. Martinez, but pursuant to the parties' consent, was reassigned to Magistrate Judge Brian A. Tsuchida on April 12, 2016.  Dkt. 10.  The City of Seattle filed its Answer to the Amended Complaint on February 25, 2016, Dkt. 6, and defendant Satterberg filed his Answer on June 16, 2016, after waiving service of the summons, Dkts. 13, 15.  Intervenor State of Washington joined this action as of right on August 5, 2016.  Dkts. 19, 24.

On September 1, 2016, the City of Seattle moved to stay consideration of Mr. Zaitzeff's summary judgment motion pending a determination of Mr. Zaitzeff's standing to sue.  Dkt. 28.  The motion advised the Court that the City of Seattle intended to file a motion to dismiss for lack of standing, but reserved any argument on the merits for its future motion.  *See id.*  On September 7, 2016, the Court granted the City of Seattle's motion to stay in part, and renoted Mr. Zaitzeff's summary judgment motion.  Dkt. 30.  The Order also addressed a "Motion to Slightly

---

[1] The Court hereinafter cites to the Amended Complaint as Dkt. 12.
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF STANDING, STRIKING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT - 2

Amend and Clarify the Complaint" filed by Mr. Zaitzeff:  the Court stated it construed Mr.

Zaitzeff's motion as a motion for leave to file an amended complaint under Fed. R. Civ. P. 15,

renoted the motion for leave, and ordered Mr. Zaitzeff to comply with Local Rule 15 by

providing a proposed complete amended complaint "clearly indicating where the proposed

amended complaint diverges from the original" no later than September 20, 2016.  Dkt. 30.  Mr.

Zaitzeff did not file an amended proposed complaint as instructed, and defendant City of Seattle

opposed the motion.  *See* Dkt. 38.

Mr. Zaitzeff did not respond to the City of Seattle's Motion to Dismiss, Dkt. 33, but on

September 6, 2016, submitted what the Court construed as responsive to the City of Seattle's

suggestion it intended to seek dismissal on the basis of lack of standing.  *See* "Motion re

Standing to Sue The City & State In This Topic — or — Motion to Defer Such Ruling Till

Consideration of the Merits of the Case — Including Affidavit," Dkt. 34; *see also* Dkt. 35.  On

September 8, 2015, the City of Seattle, joined by defendant Satterberg and intervenor State of

Washington, moved to dismiss the Amended Complaint for lack of standing.  Dkts. 31-33.

## RELEVANT FACTS

The facts in this case are sparse.  The SMC at issue criminalizes the knowing possession

or carrying of any "blackjack, sand-club, metal knuckles, switchblade knife, chako stick,

slungshot, or throwing star" and the knowing carrying (concealed or unconcealed) of any

dangerous knife or the carrying of a concealed deadly weapon other than a firearm.

12A.14.080(A)-(B).   Seattle Municipal Code 12A.14.083 prohibits knowingly carrying or

shooting any spring gun, air gun, or sling or slingshot in a public place.  Section 9.41.250 of the

RCW criminalizes possessing a slungshot, sand club, metal knuckles, or spring blade knife; and

"furtively" carrying with intent to conceal any dagger, dirk, pistol, or other dangerous weapon.

Mr. Zaitzeff contends he "at times" desires to bear and possess the following:  Schrade Viper OTF Assisted Opening Pocket Knife, Benchmade Automatic knives, dirk knives, paring knives, and other knives; airsoft guns or spring guns; bayonets; throwing stars; and nunchucks/chaco sticks.  Dkt. 12, ¶¶ 10, 11, 14.  He also contends he "regularly engages in various forms of public issue or public education advocacy," for the purpose of encouraging members of the public to "be more armed in various ways," and he is at times "lightly armed" and desires to continue to be so armed while engaging in such advocacy.  *Id.* at ¶¶16-18.

Mr. Zaitzeff contends that he "informed by email and telephone several Seattle police, some Seattle city council members and some parts of the Seattle attorney's office that [*Seattle v. Evans*] implies that substantial parts of SMC 12A.14 are not constitutional because they are overbroad."  *Id.* at ¶31.  He alleges that he spoke with an attorney at the Seattle City Attorney's office who stated "'I do not agree that the Washington Supreme Court found Seattle's dangerous knife ordinance unconstitutional…Whether a different knife would implicate that constitutional right will have to wait until such a case is presented to them."  *Id.* at ¶32.  Mr. Zaitzeff further alleges he asked the attorney about whether dirk knives were Constitutionally-protected arms, and the attorney wrote "'I simply don't know.  It may well depend on the circumstances in which such an object is used, possessed or carried.'"  *Id.* at ¶33.  Mr. Zaitzeff concludes that those answers, "if they currently reflect the position of the Seattle attorney's office, imply that they will in fact prosecute persons for carrying dirks for self-defense and/or issue education and advocacy.  The Seattle police claim that they don't make the law and will follow the Seattle city attorney's advice."  *Id.* at ¶36.  He concludes that the City Attorney's office "will apparently prosecute persons for carrying dirks and wait till the WSSC says again that dirks are protected and therefore, additionally, SMC 12A.14.080 and other portions of SMC 12.14 are substantially

1    overbroad." *Id.* at ¶41.

2    **DISCUSSION**

3    **A.    Legal Standard**

4          As defendant City of Seattle has already filed its Answer, it brings its motion pursuant to

5    Fed. R. Civ. P. 12(c) and 12(h)(2)-(3), rather than Rule 12(b)(1), which is reserved for defenses

6    asserted in responsive pleadings.  *See* Dkt. 33 at 3.  Rule 12(c) permits a party to move to dismiss

7    a suit "[a]fter the pleadings are closed . . . but early enough not to delay trial."  Fed. R. Civ. P.

8    12(c).  "[T]he deadline for making a Rule 12(b)(1) motion to dismiss for lack of subject matter

9    jurisdiction is prolonged by Rule 12(h)(3), which provides that '[i]f the court determines at any

10   time that it lacks subject-matter jurisdiction, the court must dismiss the action.'"  *Wood v. City of*

11   *San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012).

12            The objection that a federal court lacks subject-matter jurisdiction,
             *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a
13           court on its own initiative, at any stage in the litigation, even after
             trial and the entry of judgment.  Rule 12(h)(3) instructs:
14           "Whenever it appears by suggestion of the parties or otherwise that
             the court lacks jurisdiction of the subject matter, the court shall
15           dismiss the action."

16   *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006) (citing *Kontrick v. Ryan*, 540 U.S. 443,

17   455 (2004)).  Moreover, "[c]ourts have an independent obligation to determine whether subject-

18   matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend,* 559 U.S. 77,

19   94 (2010).  Because standing is a threshold requirement, without which a district court lacks

20   subject matter jurisdiction, the Court addresses the issue before entertaining the merits of a case.

21   *See Cardenas v. Anzai,* 311 F.3d 929, 933 (9th Cir. 2002).

22          When analyzing a motion to dismiss brought pursuant to Rule 12(h)(3), as here, courts

23   apply the same standards for a motion brought under Rule 12(b)(1).  *Wood*, 678 F.3d at 1082.  A

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF
STANDING, STRIKING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO AMEND THE
COMPLAINT - 5

1   Rule 12(b)(1) challenge is considered a "facial" challenge when the challenger asserts that the

2   allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *White v.*

3   *Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In such a case, the Court must accept as true all

4   material allegations of the complaint, and must construe the complaint in favor of the

5   complaining party. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975). The motion to dismiss in this

6   case presents a facial challenge to Mr. Zaitzeff's Amended Complaint. Because Mr. Zaitzeff is

7   proceeding *pro se*, in an abundance of caution, the Court has considered his "Motion re Standing

8   to Sue The City & State In This Topic — or — Motion to Defer Such Ruling Till Consideration

9   of the Merits of the Case — Including Affidavit," Dkt. 34, as responsive to the City of Seattle's

10  Motion to Dismiss. Even considering this motion, however, the Court still finds defendants'

11  motion to dismiss meritorious.

12  **B.      Article III Standing**

13          Under Article III of the U.S. Constitution, a federal court lacks jurisdiction unless the

14  plaintiff presents an actual "case or controversy." *Allen v. Wright*, 468 U.S. 737, 750 (1984).

15  Standing is a core component of a valid case or controversy. *Lujan v. Defenders of Wildlife*, 504

16  U.S. 555, 560 (1992); *see also American–Arab Anti–Discrimination Comm. v. Thornburgh*, 970

17  F.2d 501, 506 (9th Cir. 1991). The party seeking to invoke federal jurisdiction bears the burden

18  of establishing standing. *Lujan*, 504 U.S. at 560. The "irreducible constitutional minimum of

19  standing" requires satisfaction of three elements:  injury in fact, causation, and a likelihood that a

20  favorable decision will redress plaintiff's alleged injury. *Id.* at 560-61. A plaintiff satisfies those

21  elements by demonstrating "(1) it has suffered an 'injury in fact' that is (a) concrete and

22  particularized and (b) actual or imminent, not conjectural or hypothetical; [and] (2) the injury is

23  fairly traceable to the challenged action of the defendant and it is likely, as opposed to merely

1  speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc.*

2  *v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167 (2000). "Imminence" suggests that the injury

3  is not speculative, but is "certainly impending." *Lujan*, 504 U.S. at 564 n.2.

4  **C.    Mr. Zaitzeff's Second Amendment Challenge**

5          Because he does not contend the laws at issue have been enforced against him, Mr.

6  Zaitzeff's Amended Complaint is best characterized as a preenforcement challenge. In a

7  preenforcement challenge, a plaintiff must still satisfy the three standing elements: injury in fact,

8  causation, and redressability. To establish an injury in fact in the context of a preenforcement

9  challenge to a criminal statute, a plaintiff must demonstrate (1) "an intention to engage in a

10  course of conduct arguably affected with a constitutional interest, but proscribed by [the

11  challenged] statute," and (2) that "there exists a credible threat of prosecution thereunder."

12  *Susan B. Anthony List v. Driehaus*, —— U.S. ——, 134 S.Ct. 2334, 2342 (2014) (quoting *Babbitt*

13  *v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298 (1979)). A credible threat of

14  prosecution cannot rest on fears that are "'imaginary or speculative.'" *United Farm Workers*,

15  442 U.S. at 298 (quoting *Younger v. Harris*, 401 U.S. 37, 42 (1971)). However, "an actual

16  arrest, prosecution, or other enforcement action is not a prerequisite to challenging" a law on

17  constitutional grounds. *Susan B. Anthony List*, 134 S.Ct. at 2342. Indeed, the Ninth Circuit has

18  found that a "verbal warning" that a plaintiff might be subject to criminal liability if he engaged

19  in certain conduct was sufficient to satisfy the credible threat requirement. *Sturgeon v. Masica*,

20  768 F.3d 1066, 1072 (9th Cir. 2014), *cert. granted*, 136 S. Ct. 27, 192 L. Ed. 2d 997 (2015),

21  *vacated and remanded on other grounds sub nom. Sturgeon v. Frost*, 136 S. Ct. 1061, 194 L. Ed.

22  2d 108 (2016).

23          The Tenth Circuit recently applied the credible threat of prosecution test in a Second

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF
STANDING, STRIKING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO AMEND THE
COMPLAINT - 7

Amendment preenforcement challenge. *See Colorado Outfitters Ass'n v. Hickenlooper*, 823

F.3d 537, 550-51 (10th Cir. 2016). The statute at issue in *Colorado Outfitters* prohibited the

possession, sale, and transfer of large-capacity magazines (LCMs), but made an exception for

individuals who already possessed such magazines so long as they owned them prior to July 1,

2013, and maintained continuous possession of them. *Id.* at 542. The Court rejected the idea

that a plaintiff could establish standing when she acknowledged that she purchased her LCMs

before July 1, 2013, but insisted the law impacted her because "'[e]ventually,' her LCMs will

wear out and because it would be 'possible' to lose her LCMs (or lose continuous possession of

them) in the meantime." *Id.* at 541. Specifically, the Court reasoned that "[s]uch 'some day'

speculations are insufficient to establish an injury-in-fact for purposes of Article III standing."

*Id.* In other words, the plaintiff's fear of future enforcement for violating the terms of the statute

was too speculative to satisfy the injury-in-fact prong of the standing requirement.

Here, even if the Court presumes, without deciding, that Mr. Zaitzeff has demonstrated

an intent to engage in a course of conduct affected with a constitutional interest but proscribed by

RCW 9.41.250 and SMC 12A.14.080 and .083, he still cannot demonstrate he faces a credible

threat of prosecution. Mr. Zaitzeff contends he has in the past borne and possessed, and wishes

in the future to bear and possess arms he believes are proscribed by RCW 9.41.250 and SMC

12A.14.080 and .083, and he therefore concludes "SMC 12A.14 . . . chills the conduct of

plaintiff in a fundamental right area and this chilling of his conduct is an injury that gives him

standing to sue," and "SMC 12A.14 chills both the 2nd Amendment protective rights of plaintiff

as well as his 1st Amendment rights." Dkt. 12 at ¶¶15, 19. He contends he has sought answers

from the City of Seattle as to whether possession of certain items would be considered

constitutionally protected or criminalized, but his recitation of the facts reveals the answers he

1    has received to date have been equivocal at best.  *Id.* at ¶¶31-33, 36, 41.  Additionally, Mr.

2    Zaitzeff's "Motion re Standing to Sue the City of Seattle & State in this Topic – or – Motion to

3    Defer Such Ruling Till Consideration of the Merits of the Case" contends he "possesses and at

4    time bears a katana," and he in fact did so on September 4 and 5 of this year.  Dkt. 34 at 3.  The

5    motion further admits that he walked in downtown Seattle with the sword during a "costume

6    play" convention, but "[p]erhaps plaintiff could not walk so easily with a sword in Seattle on

7    different days.  Not everybody, including the several SPD patrol officers in vehicles who passed

8    by plaintiff, looks closely at a person in an outfit with a sword on the day of a costume

9    convention."  *Id.* at 3-4.  Mr. Zaitzeff also admits that many people carry weapons during

10   costume conventions, but "we the public really have no idea if or when the police will crack

11   down on the problem of people carrying swords at parks at [*sic*] conventions."  *Id.* at 8.  Mr.

12   Zaitzeff's motion attaches photographs of him carrying the sword, including one in front of City

13   Hall.  *Id.* at 4.

14          Mr. Zaitzeff's Amended Complaint offers no evidence to support a finding he faces a

15   credible threat of prosecution, and his conclusions that he does are based on his own inferences,

16   not fact.  Moreover, Mr. Zaitzeff's "Motion re Standing" undermines any standing argument he

17   may have, as it describes a number of situations where he and others have carried weapons

18   arguably prohibited by the laws at issue with no consequence.  Mr. Zaitzeff's allegations reveal

19   he has received not so much as even a "verbal warning" that he might be subject to criminal

20   liability if he engages in the conduct he describes.  In short, Mr. Zaitzeff fails to demonstrate his

21   injury is actual or imminent or certainly impending, and he cannot, therefore, demonstrate he

22   suffers from an injury in fact at this time.  The Court therefore finds Mr. Zaitzeff does not have

23   standing to bring his Second Amendment cause of action in this Court.

**D.**    **Mr. Zaitzeff's First Amendment Challenge**

Defendants contend Mr. Zaitzeff attempts to circumvent standing requirements by

invoking the First Amendment overbreadth doctrine.  Dkt. 33 at 6 (citing Dkt. 3-1 at 36, ¶15;

Dkt. 3-1 at 42, ¶59).  Mr. Zaitzeff's complaint alleges that certain weapons he would like to carry

are prohibited by the RCW and SMC, which "therefore chills the conduct of plaintiff in a

fundamental right area and this chilling of his conduct is an injury that gives him standing to

sue." Dkt. 12 at 4.  The Amended Complaint also alleges that plaintiff desires to incorporate

weapons into his public advocacy, which includes carrying arms as "part of [his] First

Amendment protected speech." *Id.*   Mr. Zaitzeff further contends the laws at issue are

"substantially overbroad when examined in the light of the US Constitution Am. 2 and Am. 1."

*Id.* at 12.

A law may be facially unconstitutional if "it is unconstitutional in every conceivable

application, or . . . seeks to prohibit such a broad range of protected conduct that it is

unconstitutionally 'overbroad.'" *Members of the City Council of the City of Los Angeles v.*

*Taxpayers for Vincent*, 466 U.S. 789, 796, 104 (1984).  In this case, plaintiff appears to argue the

second type of challenge — overbreadth.  As most relevant here, facial overbreadth claims may

be entertained where "statutes, by their terms, purport to regulate the time, place, and manner of

expressive or communicative conduct." *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973).

The analysis under Mr. Zaitzeff's First Amendment cause of action is similar to that

under his Second Amendment challenge, but our case law addresses the challenges separately.

This Court follows suit.  First Amendment cases "raise unique standing considerations that tilt

dramatically toward a finding of standing." *Lopez v. Candaele*, 630 F.3d 775, 781 (9th Cir.

2010) (citations and quotation marks omitted).  In a First Amendment case, a plaintiff may make

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF
STANDING, STRIKING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO AMEND THE
COMPLAINT - 10

a preenforcement challenge to a statute that generates "an actual and well-founded fear that the challenged statute will be enforced." *Libertarian Party of L.A. Cnty. v. Bowen*, 709 F.3d 867, 870 (9th Cir. 2013). "In evaluating the genuineness of a claimed threat of prosecution, courts examine three factors:  (1) whether the plaintiffs have articulated a concrete plan to violate the law in question, (2) whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and (3) the history of past prosecution or enforcement under the challenged statute."[2] *Id.* at 870 (internal quotation marks omitted).  A simple allegation of subjective chill "is not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm, *Laird v. Tatum*, 408 U.S. 1, 13–14 (1972), nor is the "mere existence of a proscriptive statute" sufficient to confer standing, *Libertarian Party*, 709 F.3d at 871 (citing *Thomas v. Anchorage Equal Rights Commission*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc)).

Assuming, without deciding, that incorporating weapons into Mr. Zaitzeff's "public education advocacy" qualifies as "expressive or communicative conduct" protected by the First Amendment, Mr. Zaitzeff still cannot establish he has standing to bring his First Amendment claims.  For the same reasons as the Court has already discussed above, Mr. Zaitzeff at a minimum cannot show "the prosecuting authorities have communicated a specific warning or threat to initiate proceedings." *See Libertarian Party*, 709 F.3d at 870.  And although Mr. Zaitzeff expresses a general desire to carry certain prohibited weapons in the future, the Ninth Circuit has also distinguished plans meeting this requirement from "vague" plans, "which [do] not specify 'when, to whom, where, or under what circumstances' [a plaintiff] intended to violate

---

[2] It is not clear whether *Susan B. Anthony List*'s credible threat test replaces any portion of this test, but in this case, the outcome is probably the same under either test.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF STANDING, STRIKING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT - 11

1    the challenged statute." *See Libertarian Party*, 709 F.3d at 871 (citing *Thomas*, 220 F.3d at

2    1139).  In other words, plaintiff's plans may not be sufficiently concrete to satisfy the first factor

3    articulated in *Libertarian Party*.  Mr. Zaitzeff also fails to establish the third *Libertarian Party*

4    factor, because, while it may not be difficult to locate evidence of enforcement of RCW 9.41.250

5    and SMC 12A.14.080 and .083, the facts Mr. Zaitzeff alleges in fact demonstrate the authorities

6    appear to have exhibited apathy towards him and others similarly situated.

7         Despite the lowered threshold for establishing standing in a First Amendment case, Mr.

8    Zaitzeff has not made a clear showing that his intended "speech" gives rise to a specific and

9    credible threat of adverse action from Seattle police or other authorities.  In short, he cannot

10   demonstrate he suffers an injury in fact.  The Court therefore finds Mr. Zaitzeff does not have

11   standing to bring his First Amendment cause of action in this Court.

12   **E.    The Motion to Slightly Amend and Clarify the Complaint is Denied**

13        In its September 7, 2016 Order Renoting Motions, Directing Compliance with the Local

14   Rules, and Granting in Part and Denying in Part Defendant's Motion to Stay, Dkt. 30, the Court

15   observed that Mr. Zaitzeff was no longer entitled to amend his complaint as a matter of course,

16   and therefore needed to seek leave of the Court to amend his complaint.  Dkt. 30 (citing Fed. R.

17   Civ. P. 15).  Construing Mr. Zaitzeff's motion as a motion for leave to file an amended

18   complaint, the Court directed Mr. Zaitzeff to comply with Local Rule 15 by providing the Court

19   and defendants with a copy of his proposed complete amended complaint, "clearly indicating

20   where the proposed amended complaint diverges from the original."  Dkt. 30.  Mr. Zaitzeff failed

21   to do so.  *See generally dkt.*

22        The Court observes that Mr. Zaitzeff's motion to amend his complaint, Dkt. 29, would

23   have no bearing on the facts in this case even if the motion were granted.  The proposed

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF
STANDING, STRIKING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO AMEND THE
COMPLAINT - 12

1   amended complaint seeks only to add "metal knuckles," kubotans, and "shields of Roman

2   legionnaires" to the list of items Mr. Zaitzeff contends are unconstitutionally prohibited by RCW

3   9.41.250 and SMC 12A.14.080 and .083.  Dkt. 29.  It does not allege that Mr. Zaitzeff has borne

4   or possessed these items in the past, or that he intends to bear or possess them in the future, and it

5   certainly alleges no facts suggesting Mr. Zaitzeff faces a credible threat of prosecution or that he

6   has suffered an injury in fact of any sort.  The Court therefore agrees with the City of Seattle that

7   leave to amend should be denied as futile.  *See* Dkt. 38 (citing *Moore v. Kayport Package*

8   *Express, Inc*., 885 F.2d 531 (9th Cir. 1989); *Ebner v. Fresh, Inc*., 818 F.3d 799, 808 (9th Cir.

9   2016)).  Mr. Zaitzeff's Motion to Slightly Amend and Clarify the Complaint, Dkt. 29, is

10  therefore **DENIED**.

11  **F.      Leave to Amend and Remand**

12          Rule 15 of the Federal Rules of Civil Procedure directs courts to "freely give leave when

13  justice so requires."  Fed. R. Civ. P. 15(a)(2).  A court has "broad discretion" to decide if

14  granting leave to amend serves the ends of justice.  *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir.

15  1980).  In making its determination, the Court should consider five factors: "bad faith, undue

16  delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has

17  previously amended the complaint."  *Johnson v. Buckley*, 356 F.3d 1067 (9th Cir. 2004).  Here,

18  Mr. Zaitzeff has already amended his complaint once as a matter of right.  *See* Dkt. 12.  But

19  more importantly, amendment in this case would be futile:  Mr. Zaitzeff cannot establish the

20  facts required to confer standing on his claims.  However, the Court cannot say that Mr. Zaitzeff

21  will *never* have standing to pursue his claims, because, for example, the Court cannot be certain

22  that Mr. Zaitzeff's future conduct will not one day invite any enforcement or credible threat of

23  enforcement action by the authorities.  Accordingly, the Court **GRANTS** defendants' Motion to

1   Dismiss for Lack of Standing **WITHOUT PREJUDICE**.

2          The Court addresses one final issue.  Following removal, "[i]f at any time before final

3   judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

4   remanded." 28 U.S.C. § 1447(c) (2011).  Dismissal without remand requires that the Court be

5   "certain that a remand to state court would be futile."  *Bell v. City of Kellogg*, 922 F.2d 1418,

6   1425 (9th Cir. 1991).  Defendants argue this matter should not be remanded to state court

7   because the complaint "is based entirely on federal constitutional law" and "does not implicate

8   any issues of state law that might be left to state courts."  Dkt. 33 at 10.  The Court agrees.  Mr.

9   Zaitzeff can no more establish standing concerning his federal causes of action in state court as

10  he can before this Court.  Accordingly, the Court declines to remand the matter to King County

11  Superior Court.

## CONCLUSION

13         In conclusion, defendants' Motion to Dismiss for Lack of Standing, Dkts. 31-33, is

14  **GRANTED**.  Plaintiff's case is **DISMISSED WITHOUT PREJUDICE** and **WITHOUT**

15  **REMAND** for lack of standing.  Accordingly, plaintiff's Motion for Summary Judgment, Dkt.

16  26, is **DENIED AS MOOT**.  Plaintiff's Motion to Slightly Amend and Clarify the Complaint,

17  Dkt. 29, is **DENIED**.

18         The Clerk of Court shall send a copy of this Order to plaintiff and to all counsel of

19  record.

20         DATED this 18th day of October, 2016.

22         _____
           BRIAN A. TSUCHIDA
23         United States Magistrate Judge

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF
STANDING, STRIKING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO AMEND THE
COMPLAINT - 14