**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ZAITZEFF, | No. 16-35955 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00244-BAT |
| v. | |
| CITY OF SEATTLE, a municipality; DANIEL SATTERBERG, King County Prosecutor, those in privity with him, in re RCW 9.41.250 and Sea v Evans, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding[**]

Submitted November 15, 2017[***]

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

David Zaitzeff appeals pro se from the district court's judgment dismissing

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]   The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

   [***]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for lack of standing his action alleging that Revised Washington Code section 9.41.250 and Seattle Municipal Code sections 12A.14.080 and .083 violate his First and Second Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilson v. Kayo Oil Co.*, 563 F.3d 979, 980 (9th Cir. 2009). We affirm.

The district court properly dismissed Zaitzeff's action because Zaitzeff failed to allege facts sufficient to establish constitutional standing to bring a pre-enforcement challenge to a statute. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (setting forth factors to consider in evaluating genuineness of a claimed threat of prosecution); *San Diego Cty. Gun Rights Comm'n v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) (plaintiff must show a "*genuine* threat of *imminent* prosecution" (citation and quotation marks omitted)); *see also Libertarian Party v. Bowen*, 709 F.3d 867, 870 (9th Cir. 2013) (in First Amendment context, courts consider "whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and the history of past prosecution or enforcement under the challenged statute").

**AFFIRMED.**